UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HILARIA HERRERA DE ESCOBEDO,**

   Plaintiff,

v.  No. 4:24-cv-00498-P

**FIESTA MART, LLC,**

   Defendant.

### MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant Fiesta Mart, LLC's (Fiesta) Hybrid Motion for Summary Judgment. ECF No. 19. Having reviewed the briefing, evidence, and applicable law, the Court will **GRANT in part** and **DENY in part** Fiesta's Motion.

### BACKGROUND[1]

On or about October 24, 2022, Plaintiff Hilaria Herrera De Escobedo was shopping at a Fiesta store on 421 W. Bolt Street in Fort Worth, Texas. Defendant was the owner and/or possessor in control of the premises in question. Plaintiff was walking inside the store and slipped on a liquid substance that was present on the floor. Defendant failed to properly warn Plaintiff of this unreasonable hazard. This incident caused severe injuries to Plaintiff.

### LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1]The following background is the entirety of the fact section in Plaintiff's Amended Complaint, which is the live pleading in this matter. ECF No. 7 at 2.

242–43 (1986). A fact is "material" if it would affect the case's outcome. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *See First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence of record, but it need only consider those materials cited by the parties. FED. R. CIV. P. 56(c)(1)–(3). And the Court need not mine the record to find evidence to support the non-movant; the burden falls on the movant to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

Fiesta moves for summary judgment on both of Plaintiff's claims. ECF No. 19. Specifically, Fiesta moves for summary judgment on Plaintiff's negligence claim because it is precluded by law (ECF No. 20 at 7–8); and Fiesta moves for summary judgment on Plaintiff's premises liability claim on the basis that Plaintiff has no evidence to show Fiesta's knowledge of the condition (*id.* at 10–12). In response, Plaintiff concedes the argument regarding the negligence claims but asserts that her premises liability claim should survive.[2] ECF No. 23.

Fiesta moves for summary judgment on Plaintiff's premises liability claim on the basis that Plaintiff has no evidence to show Fiesta's knowledge of the condition. ECF No. 20 at 10–12. "While state courts, such as Texas, recognize a 'no evidence' motion for summary judgment, it is not recognized in Federal Court." *Cmty. of Hope Methodist Church v. Church Mut. Ins. Co.*, No. 4:24-CV-00656-O, 2025 WL 1583373, at *4 (N.D. Tex. June 4, 2025) (O'Connor, J.); *see also Hass v. Kroger Texas L.P.*, No. 4:23-CV-248-P, 2024 WL 557738, at *2 (N.D. Tex. Feb. 6, 2024),

---

[2]Because Plaintiff concedes Defendant's arguments on the negligence claim, the Court **GRANTS** Defendant's Motion with regard to that claim and Plaintiff's negligence claim it is hereby **DISMISSED**.

2

*report and recommendation adopted sub nom. Hass v. Kroger Texas LP*, No. 4:23-CV-00248-P, 2024 WL 1092541 (N.D. Tex. Mar. 13, 2024). Here, having reviewed the Motion, Response, and applicable law, Defendant does not meet its burden of proving no "genuine dispute as to any material fact" on Plaintiff's premises liability claim.[3] FED. R. CIV. P. 56(a). Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment on this claim.

## CONCLUSION

For the reasons set out above, Fiesta's Motion is **GRANTED in part and DENIED in part**. It is **ORDERED** that Plaintiff's negligence claim is **DISMISSED with prejudice**.

**SO ORDERED** on this **15th day of July 2025.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's No Evidence Motion for Summary Judgment is based on an interrogatory from early in the case to which Plaintiff responded that she had no evidence of constructive or subjective knowledge of the purported hazard. But, as discussed in Plaintiff's Response, some evidence regarding the same has materialized through discovery. Thus, at a minimum the knowledge question is a material fact in dispute.